UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | **No. C MDL-00-1369 MHP** |
| This Document Relates To: | |
| UMG RECORDINGS, INC. et al., Plaintiffs, v. HUMMER WINBLAD VENTURE PARTNERS et al., Defendants. | No. C 04-1166 MHP |
| UMG RECORDINGS, INC. et al., Plaintiffs, v. BERTELSMANN AG et. al., Defendants. | No. C 04-1351 MHP |
| JERRY LEIBER et al., Plaintiffs, v. BERTELSMANN AG et al., Defendants. | No. C 04-1671 MHP |

1

CAPITOL RECORDS, INC. et al.,

    Plaintiffs,

  v.

BERTELSMANN AG et. al.,

    Defendants.

No. C 04-2121 MHP

**MEMORANDUM & ORDER**
Re: Motions to Compel

    The above-captioned actions arise from litigation involving alleged copyright infringement by Napster, Inc. and its customers. Now before the court are three motions to compel deposition testimony and production of documents from third parties Napster, L.L.C. f/k/a pressplay, MusicNet, Inc., and iMesh, Inc. (the "third parties"), filed by Hummer Winblad ("defendant").[1] Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

    The instant motions relate to four actions now pending before this court as part of the <u>In re Napster Copyright Litigation</u> multidistrict litigation ("MDL") proceedings, Case No. C MDL-00-1369 MHP. Plaintiffs in this suit allege that by investing in Napster and assuming control of the operation of the Napster file-sharing network, defendants contributorily and vicariously infringed plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. section 101. See 17 U.S.C. § 106. Defendant has asserted various counterclaims and affirmative defenses, including antitrust violations, copyright misuse, and unclean hands. In conducting discovery related to these counterclaims and affirmative defenses, defendant wishes to obtain information from two joint ventures—MusicNet and pressplay—which were allegedly created by the record label plaintiffs

2

in order to gain control over the market for online music distribution, and an online music distribution service—iMesh—which was the target of a lawsuit filed by the record label plaintiffs in 2003.

In order to obtain discovery from the third parties, defendant served them with subpoenas seeking deposition testimony and relevant documents. The MusicNet and iMesh subpoenas issued from the Southern District of New York, and the pressplay subpoena issued from the Central District of California. None of the third parties has provided the requested deposition testimony or documents, and defendant now moves this court to compel compliance with the subpoenas.

The challenges to the substance of the discovery requests were addressed at oral argument and are the subject of separate orders issued by the court. In addition to the substantive challenges, the third parties assert that this court, the MDL transferee, lacks jurisdiction to enforce the subpoenas.

DISCUSSION

The third parties argue that this court may not enforce subpoenas issued in other districts unless defendant first brings motions to compel in the other districts and requests that they be transferred to this court. In support of their argument, the third parties cite Federal Rules of Civil Procedure 45(c) and 37(a)(1), which govern discovery disputes in general, and 28 U.S.C. section 1407(c), which governs the transfer of "action[s]" to the MDL docket. Defendant counters that the MDL statute, 28 U.S.C. section 1407(b), expressly grants the MDL transferee judge the power to compel pretrial deposition testimony in other judicial districts, as well as the production of documents related to those depositions.

The third parties' arguments are without merit. Section 1407(b) provides that the MDL transferee judge "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions." 28 U.S.C. § 1407(b). Courts considering the question have uniformly held that the MDL judge may enforce a deposition subpoena issued in another district, including a subpoena *duces tecum*. See, e.g., In re Factor VIII or IX Concentrate Blood Prods. Litig., 174 F.R.D. 412, 415 (N.D. Ill. 1997) ("It would make no sense for [section] 1407(b) to confer

3

authority to conduct depositions but not the authority to require production of documents at a deposition"); HCA, Inc. v. United States ex rel. Pogue, No. 3:02-MC-0047, 2002 WL 31953748, at *3 (M.D. Tenn. Nov. 21, 2002).

None of the cases cited by the third parties contemplates a requirement that motions to compel be filed in the district where the subpoena issued and then transferred to the MDL judge. In In the Matter of Orthopedic Bone Screw Products Liability Litigation, 79 F.3d 46 (7th Cir. 1996), the MDL proceeding was in the Eastern District of Pennsylvania, and the third parties were located in Wisconsin. Id. at 47–48. When the plaintiffs in the MDL proceeding sought to take the depositions of the third parties, each third party applied for a protective order in the Wisconsin courts. Id. Each Wisconsin judge "transferred" the protective order motion to the Eastern District of Pennsylvania. Id. at 48. The Seventh Circuit held that the so-called "transfer" motions were "an error of nomenclature,"[2] and noted that "[t]he Eastern District of Pennsylvania is authorized to act on the motions for protective orders." Id.

In In re Uranium Antitrust Litigation, 503 F. Supp. 33 (N.D. Ill. 1980), the MDL judge found that he had the authority to hear third-party discovery disputes filed in other districts, but concluded that he was required to travel to the remote district in order to exercise that authority. With respect to this last requirement, subsequent decisions have uniformly rejected the requirement that the MDL judge travel. See In re Welding Rod Prods. Liab. Litig., --- F. Supp. 2d ---, No. C 05-80234MISC JW, 2005 WL 3525726, at *3 (N.D. Cal. Dec. 7, 2005) (Lloyd, Mag. J.) ("decisions issued after the Uranium Antitrust opinion . . . conclude the MDL-transferee judge need not be physically present in the subpoena-issuing district in order to exercise powers as a judge sitting in that district"); United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 274 n.2 (D.D.C. 2002) ("We do not find that [section] 1407 requires the Court to become a peripatetic dispenser of justice"); In re Factor VIII or IX Concentrate Blood Prods. Litig., 174 F.R.D. at 415 ("Requiring a transferee judge to travel from district to district to hold hearings and rule on discovery matters would hardly be an efficient way of managing consolidated pretrial proceedings"). In any case, nothing in Uranium Antitrust suggests that the parties were required to file the motions to compel in the districts where the disputes arose.

4

Finally, in In re Welding Rod Products Liability Litigation, Magistrate Judge Lloyd in this district held that the MDL judge in the Northern District of Ohio had the authority to rule on discovery disputes, and agreed to "refer" the dispute to the MDL judge. 2005 WL 3525726, at *3. Judge Lloyd did not discuss or consider whether the discovery disputes could have been brought in Ohio in the first instance. Nor did he find that a formal "transfer" procedure was required.

In all of the cited cases, although the discovery motions happened to be filed first in the districts where the third parties were located, nothing about the courts' holdings or reasoning suggests that they were required to be so filed. In addition, none of the cited cases contemplates, as the third parties argue, that the transfer must first be reviewed by the MDL panel.

Finally, with respect to the third parties' arguments that Rules 45 and 37 deprive this court of jurisdiction to hear the discovery disputes at issue, the Northern District of Illinois noted the uniform rejection of this argument in In re Factor VIII or IX Concentrate Blood Products Litigation. See 174 F.R.D. at 413–15 (collecting cases); id. at 415 ("[i]n light of these authorities, it is clear that 28 U.S.C. [section] 1407(b) gives this court the authority to rule, as transferee judge, on the motion to compel compliance with the subpoena issued in the District of Connecticut"). In sum, this court may adjudicate defendant's motions to compel.

CONCLUSION

For the above reasons the court concludes that it has jurisdiction to consider defendant's motions to compel. The rulings on those motions are set forth in separate orders.

IT IS SO ORDERED.

Date: February 15, 2006

MARILYN HALL PATEL
United States District Judge
Northern District of California

5

ENDNOTES

1.  This order considers the three motions to compel jointly because they involve the same jurisdictional question.

2. The court notes, in agreement with the Seventh Circuit, that on its face section 1407(c) does not apply to transfer of "motions." Rather, section 1407(c) sets forth "[p]roceedings for the transfer of an *action* under this section" (emphasis added).