KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
MICHAEL H. PAGE - #154913
RAGESH K. TANGRI - #159477
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
jwk@kvn.com
mhp@kvn.com
rkt@kvn.com

Attorneys for Defendants
HUMMER WINBLAD VENTURE PARTNERS IV, L.P.;
HUMMER WINBLAD TECHNOLOGY FUND IV, L.P.;
HUMMER WINBLAD EQUITY PARTNERS IV L.L.C.; HANK BARRY; and JOHN HUMMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | No. C MDL-00-1369 (MHP)<br>(No. C 04-1166 (MHP)) |
|---|---|
| UMG RECORDINGS, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>HUMMER WINBLAD VENTURE PARTNERS, et al.,<br><br>Defendants. | **STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS FROM NAPSTER, LLC RELATED TO THE APRIL 21, 2006 CRIME-FRAUD ORDER**<br><br>Date:   July 17, 2006<br>Time:   2 p.m.<br>Dept:   15<br>Judge:  Hon. Marilyn Hall Patel |

WHEREAS certain multidistrict litigation is pending before the Honorable Marilyn Hall Patel in the United States District Court for the Northern District of California entitled *In Re Napster, Inc. Copyright Litigation*, C-MDL-00-1369 (MHP) (the "Napster Litigation");

WHEREAS, in that litigation, Plaintiffs UMG and EMI have sued the Hummer Winblad Defendants (collectively Hummer Winblad Venture Partners IV L.P., Hummer Winblad Equity Partners IV L.L.C., Hummer Winblad Technology Fund IV L.P., John Hummer and Hank Barry) for copyright claims, and certain of the Hummer Winblad Defendants have countersued the Plaintiffs for antitrust violations;

WHEREAS on April 21, 2006, Judge Patel granted the motion by the Hummer Winblad Defendants to compel UMG's and EMI's production of certain documents, formerly withheld as privileged, on the basis of the crime-fraud exception. *See*, Memorandum and Order re: Motion to Compel Production of Privileged Documents at 10 (filed April 21, 2006) (the "April 21 Order");

WHEREAS on May 2, 2006, the Hummer Winblad Defendants served a subpoena for testimony and documents upon Napster LLC ("Napster") f/k/a/ pressplay, seeking discovery regarding "all previously withheld communications related to the DOJ investigation, including but not limited to the following: (1) internal investigations of the relationship between the labels and the joint ventures, including the disclosure of competitively sensitive information; (2) communications made in the course of preparing the White Papers; and (3) other communications concerning what information and documents should be produced to the DOJ." April 21 Order at 12. The Hummer Winblad Defendants contend, but Napster LLC disputes, that Napster LLC must comply with the subpoena because its precursor pressplay is a signatory to the White Paper that forms the basis of the April 21 Order, and therefore also subject to the crime-fraud exception;

1
STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANTS' MTC DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS FROM NAPSTER LLC RELATED TO THE APRIL 21, 2006 CRIME-FRAUD ORDER
No. C MDL-00-1369 (MHP)

374257641.1
376257641.1

WHEREAS Plaintiffs EMI and UMG have sought appellate review by the Ninth Circuit of the April 21 Order;

WHEREAS the Ninth Circuit has stayed the April 21 Order pending its review of that order; and

WHEREAS on May 17, 2006, the Hummer Winblad Defendants filed in the Northern District of California a motion to compel compliance with the subpoena issued to Napster LLC.

Accordingly, counsel for the Hummer Winblad Defendants and Napster LLC have agreed and hereby stipulate as set forth below:

1. The pending Motion to Compel will be taken off calendar and held in abeyance without prejudice to any party until the Ninth Circuit issues a decision on Plaintiffs' now pending appeals of the April 21 Order.

2. The Hummer Winblad Defendants may re-notice the Motion to Compel after the Ninth Circuit resolves the Plaintiffs' pending appeals of the April 21 Order.  The undersigned parties agree to meet and confer about such a hearing date, and that the notice period for the Motion to Compel will not be on shortened time.

3. By entering this stipulation, the undersigned parties do not waive any arguments regarding the validity or enforceability of the subpoena.  However, the undersigned parties do agree that the delay in the hearing date of the Motions to Compel resulting from the terms of this stipulation is not a ground for quashing the subpoena.

IT IS SO STIPULATED.

1  Dated: June 2, 2006                           KEKER & VAN NEST, LLP

2

3

4                                               By: /s/ Paula L. Blizzard
                                                    PAULA L. BLIZZARD
5
                                                Attorneys for Defendants
6                                               HUMMER WINBLAD VENTURE
                                                PARTNERS IV, L.P.; HUMMER
7                                               WINBLAD TECHNOLOGY FUND IV,
                                                L.P.; HUMMER WINBLAD EQUITY
8                                               PARTNERS IV LLC; HANK BARRY;
                                                and JOHN HUMMER
9

10

11

12 Dated: June 2, 2006                           FARELLA, BRAUN + MARTEL, LLP

13

14

15                                              By: /s/ James W. Morando
                                                    JAMES W. MORANDO
16                                                  Attorneys for NAPSTER LLC

17

18

19

20 GOOD CAUSE APPEARING, IT IS SO ORDERED,

21

22 _____                    July 27, 2006

23 HONORABLE                                          DATE

24

25

26

27

28
                                        3
STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANTS' MTC DEPOSITION TESTIMONY
AND PRODUCTION OF DOCUMENTS FROM NAPSTER LLC RELATED TO THE APRIL 21, 2006 CRIME-
FRAUD ORDER
No. C MDL-00-1369 (MHP)

*IT IS SO ORDERED — Judge Marilyn H. Patel — United States District Court, Northern District of California*