1  GLENN D. POMERANTZ (State Bar No. 112503)
   KELLY M. KLAUS (State Bar No. 161091)
2  BLANCA F. YOUNG (State Bar No. 217533)
   SUSAN T. BOYD (State Bar No. 229664)
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
4  Los Angeles, CA  90071-1560
   Telephone:    (213) 683-9100
5  Facsimile:    (213) 687-3702
   Attorneys for UMG Plaintiffs
6
   PETER L. SIMMONS
7  MITCHELL EPNER
   FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
8  One New York Plaza
   New York, NY  10004-1980
9  Telephone:    (212) 859-8000
   Facsimile:    (212) 859-4000
10 Attorneys for EMI Plaintiffs

11

                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13

14 | IN RE NAPSTER, INC. COPYRIGHT | CASE NO.  C-MDL-00-1369 MHP
   | LITIGATION |
15 | | **NOTICE OF CONDITIONAL MOTION AND**
   | | **CONDITIONAL MOTION OF UMG AND EMI**
16 | | **PLAINTIFFS FOR CONTINUANCE OF**
   | | **HUMMER WINBLAD'S MOTION FOR**
17 | | **SUMMARY JUDGMENT [FRCP 56(f)]**

18 | This Document Relates To:

19 | UMG RECORDINGS, INC., et al., | No. C 04-1166 MHP
20 |          Plaintiffs, | Date:      November 14, 2006
21 |      vs. | Time:      2:00 p.m.
   | | Ctrm:      15 (Hon. Marilyn Hall Patel)
22 | HUMMER WINBLAD VENTURE
23 | PARTNERS, et al.,
24 |          Defendants.

25

26

27

28

1 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2 |       **PLEASE TAKE NOTICE** that on November 14, 2006, at 2:00 p.m., or as soon

3 | thereafter as counsel may be heard in Courtroom 15 of the above-captioned Court, located at 450

4 | Golden Gate Avenue, San Francisco, California, plaintiffs UMG Recordings, Inc., Interscope

5 | Records, and Motown Record Company, L.P. (collectively, "UMG") and plaintiffs Capitol

6 | Records, Inc., Caroline Records, Inc., Noo Trybe Records, Inc., Virgin Records America, Inc.,

7 | Narada Productions, Inc., Higher Octave Music, Inc., Priority Records, LLC, The Forefront

8 | Communications Group, Inc., Jubilee Communications Inc., and EMI Christian Music Group,

9 | Inc. (collectively, "EMI") (UMG and EMI are referred to jointly as "Plaintiffs"), will and hereby

10 | do conditionally move, pursuant to Rule 56(f) of the Federal Rule of Civil Procedure, for a

11 | Continuance of the Hearing on the Hummer Winblad Defendant's Motion for Summary

12 | Judgment.  This motion is conditional, and shall be made only if the Court determines that the

13 | current record does not preclude summary judgment for one or more of the Hummer Winblad

14 | defendants.  If the Court determines that summary judgment may be warranted for one or more of

15 | the Hummer Winblad defendants, then Plaintiffs respectfully submit that other evidence they

16 | have sought, but as to which discovery has not yet been completed, should preclude any grant of

17 | summary judgment in Hummer Winblad's favor.

18 |       This conditional motion is based on this Notice of Conditional Motion and Conditional

19 | Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Kelly M.

20 | Klaus filed concurrently herewith, the pleadings on file in this action, and on such other and

21 | further matters as may be presented at or before the hearing on this motion.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      ARGUMENT**

Plaintiffs' contemporaneously filed opposition to the Hummer Winblad defendants' summary judgment motion sets forth evidence and argument that Plaintiffs believe should compel the denial of summary judgment as to all of these defendants.  If the Court disagrees, however, then Plaintiffs respectfully move for an order continuing the hearing and decision on Hummer Winblad's motion until such time as (1) Plaintiffs have been provided complete discovery concerning several categories of evidence they have diligently pursued but that has not been completed (discussed below) and (2) Plaintiffs have had the opportunity to file a supplemental brief addressing such evidence and why it mandates the denial of Hummer Winblad's motion.

The standards that govern this motion are well known to this Court and may be summarized briefly.  A Rule 56(f) continuance is proper if the party opposing summary judgment has not had the opportunity to discover information essential to its opposition:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  The party moving for a continuance under Rule 56(f) satisfies its burden by (a) identifying by affidavit specific facts that further discovery will reveal and (b) explaining why those facts will preclude summary judgment.  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiffs' conditional motion seeks to continue the briefing and hearing on Hummer Winblad's motion pending the completion of discovery and supplemental briefing as to three categories of evidence:

1.      Any sanctions or additional discovery this Court may order in connection with Plaintiffs' pending motion for terminating sanctions and/or alternative sanctions on account of the Hummer Winblad defendants' spoliation of evidence.

2.      Any documents or testimony that may be produced if the Ninth Circuit affirms this Court's April 21, 2006 Order piercing Bertelsmann's privilege claims regarding the creation of its Napster loan documents and their use in litigation.

3.      The completion of discovery ordered by Special Master Cahill relevant to determining the nature of the enterprise called Hummer Winblad Venture Partners.

We discuss in turn each category of discovery sought and its relevance to Hummer Winblad's summary judgment motion.

### A.      Sanctions And/Or Further Discovery That May Result From Plaintiffs' Pending Spoliation Motion

Plaintiffs' pending motion for terminating sanctions or other sanctions because of Hummer Winblad's spoliation of evidence (the "Spoliation Motion") [D.I. 977] has been fully briefed and was argued and submitted on September 7, 2006. Klaus Decl. ¶ 3. The Court's resolution of the Spoliation Motion, as well as any sanctions or further discovery that the Court may order, could be highly critical to the resolution of Hummer Winblad's motion for summary judgment.

*First*, the Spoliation Motion seeks a default judgment against Hummer Winblad on account of its willful and bad faith destruction of evidence relevant to this case. *Id.* ¶ 5(a). If the Court grants Plaintiffs' motion for default judgment, then Hummer Winblad's motion for summary judgment will be moot. *Id.* ¶ 6.

*Second*, Plaintiffs' spoliation motion seeks as an alternative remedy the entry of an order precluding the Hummer Winblad defendants from contesting one or more issues that are directly relevant to these defendants' summary judgment motion. These issues include:

- that Hummer Winblad intended to and did induce and promote the expanded infringement of Plaintiffs' copyrighted works by Napster users;

- that Hummer Winblad contributed to such maintained and expanded infringement of Plaintiffs' copyrighted works by Napster users; and

- that Hummer Winblad had the right and ability to supervise that infringing activity.

*Id.* ¶ 5(b). Hummer Winblad has contested all of these issues in its summary judgment motion. Hence, if the Court enters a preclusion order concerning one or more of these issues, that order

1   almost certainly will mandate the denial of all or part of Hummer Winblad's summary judgment

2   motion. *Id.* ¶ 6.

3   *Third*, Plaintiffs' spoliation motion seeks as yet another alternative remedy an adverse

4   inference instruction, which would permit the finder of fact to determine that the Hummer

5   Winblad defendants destroyed evidence because it would be unfavorable to them in this litigation.

6   *Id.* ¶ 5(c). Case law makes clear that an adverse inference may preclude the granting of summary

7   judgment. *See Kronisch v. United States*, 150 F.3d 112, 128, (2d Cir. 1998) ("the intentional

8   destruction of relevant evidence by the opposing party may push a claim that might not otherwise

9   survive summary judgment over the line"); *Pellietier v. Magnusson*, 195 F. Supp.2d 214, 237 (D.

10  Me. 2002) (same).

11  An adverse inference very well could preclude Hummer Winblad's summary judgment

12  motion. The Hummer Winblad defendants dispute, among other issues, that they (1) intended to

13  induce the continued and expanded infringement of Plaintiffs' copyrighted works by Napster

14  users, (2) made any material contribution to the continued infringement of copyrights by Napster

15  users, or (3) had any right or ability to supervise or control that infringing activity. Highly

16  relevant evidence as to each of these issues (including candid internal email communications

17  between the Hummer Winblad partners) likely would have resided on the Hummer Winblad

18  servers. Klaus Decl. ¶ 6. However, Hummer Winblad preserved and produced only a miniscule

19  number of such internal communications, either because these defendants deleted such

20  communications as they received them (pursuant to the Winblad-Barry email deletion directive of

21  June 3, 2000), or because they deleted their documents en masse at some unidentified time when

22  they had an obligation to preserve such documents. In either case, and at a minimum, a fact

23  finder should be permitted to draw the inference that the documents contained evidence

24  unfavorable to the Hummer Winblad defendants as to all of the foregoing disputed issues. Such

25  an adverse inference would defeat Hummer Winblad's current summary judgment motion, to the

26  extent the summary judgment motion should not already be denied based on the existing record.

27  *Fourth*, the Court indicated at the hearing on Plaintiffs' spoliation motion that further

28  discovery may be necessary to determine issues relevant to the spoliation motion. *See* Tr. of

1   Hr'g, 9/7/06 at 46-47 (The Court: "This email is troubling, and one of the things the Court has to

2   determine, of course, is whether this displays any willfulness. It's a little hard to do that when

3   this has been produced after the deposition of Ms. Winblad. Wouldn't it be helpful to have the

4   supplemental deposition to find out what was going on here and see if you can get any answers

5   that would help to sort of illuminate the question of willful conduct?"). If the Court orders further

6   discovery relevant to the spoliation motion, such discovery could determine which, if any,

7   sanctions are appropriate, and (as discussed above), any order entering such sanctions very well

8   could preclude summary judgment. Such discovery may also bring to light facts heretofore

9   concealed by Hummer Winblad about the full extent of its relationship with and contributions to

10  Napster, as well as its intentions regarding that service. That evidence, too, very well could

11  preclude Hummer Winblad's summary judgment motion. Klaus Decl. ¶ 7.

12          Plaintiffs have acted diligently to pursue their spoliation motion. As explained in the

13  Spoliation Motion itself, the Plaintiffs diligently inquired for months why numerous documents

14  were missing from Hummer Winblad's production of documents. Moreover, one of the critical

15  pieces of evidence supporting that motion (the Winblad-Barry email) was not produced by

16  Hummer Winblad until the very last business day of discovery, and two days *after* the deposition

17  of Ms. Winblad. *Id.* ¶ 4.

18          **B.      Further Discovery That May Result From The Ninth Circuit's Resolution Of
            This Court's April 21, 2006 Order Piercing Bertelsmann's Privileges**

19

20          Plaintiffs also believe that discovery that may be produced pursuant to this Court's April

21  21, 2006 order piercing Bertelsmann's privileges could well preclude Hummer Winblad's motion

    for summary judgment. The Court's order pierces Bertelsmann's privileges concerning
22
    documents and testimony regarding two subjects: (1) the creation of Bertelsmann's Napster loan
23
    documents and (2) Bertelsmann's use of those documents in this lawsuit and before the *Napster*
24
    bankruptcy court. Klaus Decl. ¶ 8. Bertelsmann's compliance with that order was stayed by the
25
    Ninth Circuit, which heard argument on Bertelsmann's appeal on September 13, 2006. *Id.* ¶ 9.
26

27

28

1    Discovery that may be produced pursuant to the April 21 Order very well could preclude

2    Hummer Winblad's summary judgment motion. Two of the Hummer Winblad defendants, John

3    Hummer and Hank Barry, purported to negotiate the transaction on Napster's behalf. One of

4    those defendants – Hank Barry – entered into what he described as a "handshake" agreement

5    pursuant to which Bertelsmann's money would be used to fund Napster's ongoing copyright

6    litigation. *Id.* ¶ 10. According to contemporaneous documents, Barry stated that Hummer was

7    also present at the final in-person negotiation meeting and witnessed this "handshake." *Id.*

8    Documents and testimony heretofore withheld as privileged by Bertelsmann, but subject

9    to production under the April 21, 2006 order, very well could contain candid, confidential

10   descriptions of what Hummer and Barry said or did that could be preclude summary judgment

11   concerning: (1) whether the Hummer Winblad defendants intended for there to be continued and

12   expanded infringement of Plaintiffs' copyrighted works by Napster users; (2) the extent of the

13   contributions these defendants had made, and intended to continue to make, to such infringing

14   activity; and (3) these defendants' ability to supervise and control that activity. *Id.*

15   Plaintiffs moved expeditiously to obtain this evidence, having filed their original motion

16   on November 8, 2005. *Id.* ¶ 8. As noted, Bertelsmann obtained a stay pending appeal of the

17   Court's order from the Ninth Circuit. *Id.* ¶ 9. The UMG Plaintiffs have settled with Bertelsmann

18   and are no longer parties to Bertelsmann's appeal of that order, but the EMI plaintiffs are parties

19   to that appeal. And in any event, as a party to these consolidated MDL proceedings, UMG should

20   be entitled to receive any documents or testimony produced consistent with the terms of the

21   protective order. *Id.* ¶ 11.

22   On September 7, 2006, the Court granted both the Hummer Winblad and Bertelsmann

23   defendants a continuance under Rule 56(f) from having to respond to the Plaintiffs' summary

24   judgment motion on defendants' misuse defenses and Hummer Winblad's antitrust counterclaim

25   pending the Ninth Circuit's resolution of Plaintiffs' appeal of the April 21, 2006 privilege-

26   piercing order. Those defendants' request, and the Plaintiffs' request here, are procedurally

27   indistinguishable except in one significant respect: Plaintiffs have actually filed their opposition

28   brief to Hummer Winblad's motion for summary judgment. If the Court determines that the

1   current summary judgment record is not sufficient to defeat Hummer Winblad's summary

2   judgment motion, then we submit this conditional Rule 56(f) motion should be granted pending

3   the Ninth Circuit's decision and Plaintiffs' receipt of further documents.

4         **C.     Further Discovery Regarding The Nature Of Hummer Winblad Venture**
              **Partners**

5          Hummer Winblad has moved for summary dismissal of named defendant "Hummer

6   Winblad Venture Partners" based on John Hummer's deposition statement that this entity does

7   not exist. Klaus Decl. ¶ 12. As explained in Plaintiffs' opposition, whether this entity is a *de*

8   *facto* enterprise, which may be held liable, depends not on legal formalities but on the intensely

9   factual inquiry regarding whether defendants' business is run as one common enterprise. *See Las*

10  *Palmas Associates v. Las Palmas Centr. Associates*, 235 Cal. App. 3d 1220, 1249-51 (1991);

11  *River Colony Estates General P'ship v. Bayview Fin. Trading Group*, 287 F. Supp. 2d 1213, 1228

12  (S.D. Cal. 2003). Plaintiffs have been denied essential facts regarding this issue.

13         Although Plaintiffs served their discovery requests relating to this issue over eight months

14  ago, Hummer Winblad's continuous objections required Plaintiffs to file no less than three

15  motions with Special Master Cahill to compel responses to these requests.[1] Klaus Decl. ¶¶ 13-16.

16  Hummer Winblad purported to complete its production of documents pursuant to the Special

17  Master's Orders on August 25, 2006, but Plaintiffs contend that Hummer Winblad's production is

18  riddled with inappropriate redactions that obscure the import of many of the documents produced.

19  *See id.* ¶ 17 & Ex. D (9/21/06 letter from S. Boyd to E. Paige). As set forth in a letter Plaintiffs

20  recently sent to Hummer Winblad's counsel, Plaintiffs believe the redacted documents go to the

21  heart of the enterprise liability issues, including the extent to which the allegedly distinct Hummer

22  Winblad entities have engaged in commingling of their funds. *See id.* Ex. D.

23         The discovery produced to date has revealed evidence suggesting that the Hummer

24  Winblad funds commingle their assets. Klaus Decl. ¶ 18. This is significant because

25  _____

26  [1] Special Master Cahill granted Plaintiffs' initial motion to compel, Klaus Decl. Ex. A; granted a
subsequent motion clarifying the remaining categories of documents Hummer Winblad was

27  required to produce, *id.* Ex. B; and at a hearing on a second motion to compel compliance
provided guidance for a mutual resolution of the discovery issue, *id.* Ex. C.

28

1    commingling is powerful evidence of enterprise liability. *See Associated Vendors Inc. v. Oakland*

2    *Meat Co.*, 210 Cal. App. 2d 825, 839-40 (1962); *accord Las Palmas*, 235 Cal. App. 3d at 1249-

3    51. Hummer Winblad has stated that its accounting practices are typical of venture funds and

4    accord with GAAP, but Plaintiffs are entitled to test these allegations through discovery and

5    expert analysis. The resolution of further discovery into these issues, including through expert

6    discovery, could preclude any grant of summary judgment in favor of Hummer Winblad Venture

7    Partners on the ground that entity does not have any *de jure* or *de facto* existence.[2] Klaus Decl.

8    ¶ 18.

9           Plaintiffs have moved expeditiously to obtain evidence regarding the nature of Hummer

10   Winblad Venture Partners. Because of Hummer Winblad's intransigence in providing this

11   obviously relevant information, Plaintiffs were forced to file three separate motions (including

12   follow-up motions to compel compliance before Judge Cahill. All of these motions were granted.

13   The Hummer Winblad defendants did not purport to complete their compliance with these orders

14   until August 25, 2006, and even that production has significant gaps. Should the Court believe

15   there is an absence of a genuine issue of fact regarding the existence of Hummer Winblad

16   Venture Partners, we respectfully submit that a continuance is in order to allow Plaintiffs to

17   complete discovery on this issue.

18

19

20

21

22

23

24

25

---

26   [2] Even if Hummer Winblad were correct that their practices were typical of others in the field or
     that they accorded with GAAP, this would not be determinative of the question whether Hummer
27   Winblad Venture Partners is a single enterprise. That question turns, not on Hummer Winblad's
     compliance with accounting standards, but on the far more fact specific question of whether
28   assets of purportedly separate entities have been commingled.

1   **II.     CONCLUSION**

2          For the foregoing reasons, in the event the Court determines that the current summary

3   judgment record does not preclude Hummer Winblad's motion for summary judgment, Plaintiffs

4   respectfully request that the Court continue that motion pending Plaintiffs' receipt of the

5   aforementioned discovery and Plaintiffs filing of a supplemental opposition to Hummer

6   Winblad's motion incorporating that evidence.

7

8   DATED:  September 22, 2006                    MUNGER, TOLLES & OLSON LLP

9

10                                               By: _____/s/_____
                                                        GLENN D. POMERANTZ

11                                               Attorneys for UMG Plaintiffs

12

13  DATED:  September 22, 2006                    FRIED, FRANK, HARRIS, SHRIVER &
                                                 JACOBSON LLP

14

15                                               By: _____/s/_____
                                                        PETER L. SIMMONS

16

17                                               Attorneys for EMI Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

1213578.1                            - 9 -