# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | CASE NO. C-MDL-00-1369 MHP<br><br>STIPULATION AND [~~PROPOSED~~] ORDER REGARDING SCHEDULING ISSUES IN LIGHT OF CONDITIONAL SETTLEMENT AMONG UMG, EMI AND HUMMER WINBLAD PARTIES |
| THIS DOCUMENT RELATES TO: | |
| UMG RECORDINGS, INC., et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>HUMMER WINBLAD VENTURE PARTNERS, et al.,<br><br>        Defendants. | No. C 04-1166 MHP |

WHEREAS, on April 21, 2006, this Court entered an order granting the Hummer Winblad Defendants' motion to compel production of privileged documents from the UMG and EMI Plaintiffs pursuant to the crime-fraud exception (the "April 21 Order");

WHEREAS the UMG and EMI Plaintiffs have filed appeals and petitions for writs of mandamus in regard to the April 21 Order, which appeals and petitions are now pending in the Ninth Circuit.  Those appeals and petitions bear the following Ninth Circuit case numbers: 06-15895 (UMG Appeal), 06-15896 (EMI Appeal), 06-72571 (UMG Writ Petition), and 06-72789 (EMI Writ Petition) (collectively, the "Ninth Circuit UMG and EMI Proceedings");

WHEREAS, on November 29, 2006, the UMG Plaintiffs, the EMI Plaintiffs, and the Hummer Winblad Defendants entered into a Conditional Settlement Agreement and Release ("Conditional Settlement Agreement") which provides, *inter alia*, that the parties will enter into a stipulated dismissal with prejudice when a court of competent jurisdiction has issued a final, non-appealable order that: (1) vacates or reverses the April 21 Order, and (2) eliminates to each of the undersigned parties' reasonable satisfaction any preclusive effect of that April 21, 2006 Order in any other proceeding (the "Condition");

WHEREAS, on December 5, 2006, the parties to the Conditional Settlement Agreement jointly moved the Ninth Circuit to grant a limited remand of the Ninth Circuit UMG and EMI Proceedings to allow this Court to make the equitable determination of whether to vacate the April 21 Order so as to satisfy the Condition;

WHEREAS the parties to the Conditional Settlement Agreement wish to adjust the schedule of the case to allow time to seek said relief from the Ninth Circuit and this Court.

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS, SUBJECT TO THE COURT'S APPROVAL:

1. All of the following are stayed and/or taken off the Court's current calendar:

1     (a)    The Hummer Winblad Defendants' motion for summary judgment, now on calendar for December 13, 2006 (provided, however, that this stay does not affect the Bertelsmann Defendants' motion and conditional motion for summary judgment, which remains on calendar for December 13, 2006, or the UMG Plaintiffs' ability to be heard on their separate statements regarding the Bertelsmann motions);

(b)    The Hummer Winblad Defendants' motion to compel depositions of Messrs. Stringer and Wiesenthal, also now on calendar for December 13, 2006;

(c)    The Hummer Winblad Defendants' motion to compel further discovery from Apple, now the subject of briefing and submission without oral argument;

(d)    All proceedings relating to the UMG and EMI Plaintiffs' Applications for Costs and Fees, filed November 22, 2006, including the Hummer Winblad Defendants' obligation to file a response to those Applications; and

(e)    Phase II discovery, as between the UMG and EMI Plaintiffs, on the one hand, and the Hummer Winblad Defendants, on the other.

2.    The foregoing stays shall be lifted, and the foregoing proceedings re-calendared and/or permitted to move forward, if (a) the Ninth Circuit denies the UMG-EMI-Hummer Winblad joint motion for limited remand, or (b) the Ninth Circuit, after granting the UMG-EMI-Hummer Winblad joint motion for limited remand, thereafter resumes jurisdiction over the Ninth Circuit UMG and EMI Proceedings, or (c) in connection with one of the foregoing reasons or otherwise, the Condition is not satisfied.  If the Condition is satisfied, the UMG Plaintiffs, EMI Plaintiffs and Hummer Winblad Defendants will enter into a stipulated dismissal with prejudice and the matters stayed pursuant to this Stipulation and Order will be moot.

3.    The parties will consult with their respective Japanese counsel about an appropriate means to request that the Japanese Court, pending satisfaction or non-satisfaction of the Condition, defer further proceedings on the letter rogatory issued by this Court to obtain the testimony of Nobuyuki Idei.  The parties will report to this Court (and submit for this Court's

1  consideration any appropriate supplemental order requesting such deferral from the Japanese
2  Court) promptly.

4  DATED: December 6, 2006                MUNGER, TOLLES & OLSON LLP

6                                          By:        /s/
                                               GLENN D. POMERANTZ

7  Attorneys for UMG Plaintiffs

8  DATED: December 6, 2006                FRIED, FRANK, HARRIS, SHRIVER &
9                                              JACOBSON LLP

10                                         By:        /s/
                                               PETER L. SIMMONS
11
12  Attorneys for EMI Plaintiffs

13  DATED: December 6, 2006                KEKER & VAN NEST, LLP

15                                         By:        /s/
                                               MICHAEL H. PAGE

16  Attorneys for HUMMER WINBLAD Defendants

**ORDER**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

Dated: 12/8/06

HON. MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE