GLENN D. POMERANTZ (State Bar No. 112503)
KELLY M. KLAUS (State Bar No. 161091)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Attorneys for UMG Plaintiffs

PETER L. SIMMONS
MITCHELL EPNER
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004-1980
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Attorneys for EMI Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | CASE NO. C-MDL-00-1369 (MHP) <br><br> [PROPOSED] ORDER GRANTING UMG AND EMI PLAINTIFFS' UNOPPOSED MOTION TO VACATE APRIL 21, 2006 MEMORANDUM AND ORDER |
| This Document Relates To: <br><br> UMG RECORDINGS, INC., et al., <br><br>             Plaintiffs, <br><br>     vs. <br><br> HUMMER WINBLAD VENTURE PARTNERS, et al., <br><br>             Defendants. | CASE NO. C-04-1166 (MHP) |

1235979.1

[PROPOSED] ORDER GRANTING MOT. TO VACATE
C-MDL-00-1369 (MHP)

On April 21, 2006, the Court entered a Memorandum and Order granting the Hummer Winblad Parties' Motion to Compel Production of Privileged Documents from the UMG and EMI plaintiffs [Docket Index No. 886] (the "April 21 Order"). Following the Court's ruling, UMG and EMI took an appeal from it and, in the alternative, sought mandamus review.

UMG, EMI and Hummer Winblad have informed the Court that they have now settled their disputes, but that settlement by its terms is not effective unless and until either this Court or the Ninth Circuit enters a final, non-appealable Order that (1) vacates or reverses the April 21 Order, and (2) eliminates to the Parties' reasonable satisfaction any preclusive effect of the April 21 Order in any other proceeding. The Ninth Circuit has issued a limited remand to this Court to allow it to decide whether to vacate the April 21 Order.

The Court has considered the parties' arguments in their papers submitted in support of their motion to vacate, and has weighed the relevant considerations as outlined in *DHX, Inc. v. Allianz AGF Mat., Ltd.*, 425 F.3d 1169 (9th Cir. 2005) and *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998). Balancing those factors, the Court concludes that it is appropriate to vacate the April 21 Order.

Accordingly, it is ORDERED that the April 21, 2006 Memorandum and Order granting the Hummer Winblad Parties' Motion to Compel Production of Privileged Documents from the UMG and EMI plaintiffs [D.I. 886] is hereby VACATED, de-published, and designated "NOT FOR CITATION" pursuant to Local Rule 7-14. It is the Court's express intention that the vacated Order shall have no preclusive effect in this or any other proceedings.

The Clerk of the Court is requested to annotate the docket for Index No. 886 to cross-reference this Order and note that the April 21 Order has now been vacated, de-published, and designated "NOT FOR CITATION." The Clerk of the Court is further requested to take all necessary steps to ensure that the April 21 Order is de-published and designated "NOT FOR CITATION" pursuant to Local Rule 7-14.

Dated: __March 19__, 2007

IT IS SO ORDERED

Judge Marilyn H. Patel

1235979.1

- 1 -