CAREY R. RAMOS (*pro hac vice*)
LYNN B. BAYARD (*pro hac vice*)
DARREN W. JOHNSON (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3900

STAN G. ROMAN (State Bar No.87652)
TRACY M. CLEMENTS (State Bar No.184150)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

*Attorneys for Leiber et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | No. C-MDL-00-1369 MHP |
| LEIBER, et al., Plaintiffs, v. BERTELSMANN AG, et al., Defendants. | No. C 04-1671 MHP<br>**[~~PROPOSED~~] PRELIMINARY CLASS ACTION SETTLEMENT APPROVAL ORDER** |

The Motion for Preliminary Approval of Class Action Settlement, filed by plaintiffs in Case No. C-MDL-00-1369 (MHP) and Case No. C-04-1671 (MHP), Jerry Leiber, individually and doing business as Jerry Leiber Music, Mike Stoller, individually and doing business as Mike Stoller Music, Frank Music Corporation, and Peer International Corporation (collectively, "Representative Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), has come before this Court. The Court determines and orders as follows:

1. Counsel have advised the Court that the Representative Plaintiffs and defendants Bertelsmann AG, Bertelsmann, Inc., and BMG Columbia House, Inc., a Delaware corporation and successor in interest of BeMusic, Inc. (collectively, the "Bertelsmann Parties" or "Defendants") have agreed, subject to final approval by this Court following notice to the class (as described in Paragraphs 13-14, below) and a hearing, to settle this action upon the terms and conditions set forth in a Stipulation and Agreement of Settlement dated August 30, 2007 (the "Settlement" or "Settlement Agreement"), which has been submitted to the Court.

2. On June 1, 2005, this Court certified this lawsuit to proceed as a class action for damages, as well as for attorneys' fees and costs, pursuant to Rule 23 of the Federal Rules of Civil Procedure. [D.I. 659] The class was defined as "all music publisher-principals of the Harry Fox Agency, Inc. that owned or controlled at least one copyrighted musical work at the time that it was made available without their permission through the Napster service on or after October 30, 2000." The Court further certified the Representative Plaintiffs as representatives of the class, and their counsel of record, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Krieg, Keller, Sloan, Reilley & Roman LLP, as counsel for the Class (collectively, "Class Counsel").

3. The Court has reviewed the Motion for Preliminary Approval of Class Action Settlement, as well as the files, records, and proceedings to date in this matter.

4. Based upon a preliminary examination, it appears to the Court that the Settlement is fair, reasonable, and adequate, and that a hearing should be held, after notice to the class, to make a final determination as to whether the Settlement is fair, reasonable, and adequate, and whether a

settlement approval order and final judgment should be entered in this action, based upon that Settlement.

Based upon the foregoing, IT IS HEREBY ORDERED:

5. Authority of Class Counsel. The Court finds that Class Counsel have and had authority to execute this Settlement Agreement on behalf of the Representative Plaintiffs and authorizes Class Counsel to take approved steps to proceed with this Settlement Agreement, and the settlement contemplated thereby, on behalf of the Representative Plaintiffs.

6. Preliminary Approval of Proposed Settlement. The Settlement is preliminarily approved as fair, reasonable, and adequate as to all members of the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that (a) the Settlement resulted from extensive arm's-length negotiations among experienced counsel, following extensive discovery, motion practice and proceedings, and (b) the Settlement is sufficient to warrant notice to members of the class and the Approval Hearing described below.

7. Certified Settlement Class. The settlement class will consist of all music publisher-principals of The Harry Fox Agency ("HFA") during all or part of the time period from October 30, 2000 through the date of the approval of this Order (other than those Persons[1] that have, prior to the signature date of the Settlement Agreement, released their Potential Claims[2] against the Bertelsmann Entities and their Related Parties) (the "Settlement Class" or "Class").

---

[1] A "Person" refers to any individual or corporation, association, partnership, limited liability company, joint venture, joint stock or other company, business trust, trust, organization, governmental authority or other entity of any kind.

[2] "Potential Claims" means any and all Claims against any Person that is (or was during the period of Napster's operation) a Bertelsmann Entity or any Related Party thereto from, relating to, based upon, or in connection with the relationship or interaction with and/or funding or financing of Napster (including by way of a loan) by any such Bertelsmann Entity or Related Party, including (i) any and all Claims brought or which could be brought in the Lawsuit and (ii) any and all Claims alleging that any such Bertelsmann Entity or Related Party is liable under one or more theories of copyright infringement or other theory of liability by virtue of such relationship with or funding of Napster. "Claims" means any and all of the following arising under the laws of the United States or any foreign jurisdiction: claims, demands, causes of action, liabilities, lawsuits, arbitrations, proceedings, third-party interventions, or any other form of claim, whether or not fixed, contingent or absolute, matured or unmatured, direct or

8. Definitions. For purposes of this Preliminary Order, "Releasing Parties" means the Representative Plaintiffs, Class members that did not opt out of the Class, and, to the maximum extent the Releasing Parties have the legal or contractual right to release such entities' Potential Claims, their Affiliates and Subsidiaries, which are defined to mean any worldwide affiliate or subsidiary for which the Class member or its officers and directors have the authority to bind to the terms of the Settlement Agreement. "Bertelsmann Entities" means the Bertelsmann Parties and their Affiliates anywhere in the world. "Related Parties" means, with respect to any entity, present, former and future, as applicable, predecessors, successors, assigns, agents, insurers, representatives, directors, officers and employees (in their capacities as such) of such entity.

9. Establishment of Settlement Fund. The Court hereby establishes the settlement fund and subjects this fund to the continuing jurisdiction of the Court.

10. Stay of Proceedings. Upon the Court's entry of this Order, all further proceedings in this lawsuit (including, but not limited to, any existing discovery obligations) shall be stayed pending Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate the Final Settlement Approval.

11. Appointment of Class Administrator and Independent Auditor. The Court authorizes Class Counsel to retain the Garden City Group, Inc. ("Garden City") and Eisner LLP ("Eisner") to act as the class administrator and the independent auditor, respectively, as contemplated by the plan of administration and distribution described in the Settlement Agreement.

12. Taxes; Settlement Notice and Administration Costs. The Court authorizes the payment from the settlement fund of taxes on earnings from the settlement fund, and the costs associated with the calculation and payment of those taxes, without seeking further approval from the Court. The Court also authorizes payments totalling up to $500,000 from the settlement fund to

---

indirect, liquidated or unliquidated, accrued or unaccrued, known or unknown, whether or not required to be reflected in financial statements or disclosed in the notes thereto.

Garden City and Eisner for costs associated with the distribution of the class notice and the administration of the Settlement.

13. Notice. Within thirty (30) days of the date of the Court's entry of this Order, Plaintiffs shall direct Garden City to send a notice of the proposed class action Settlement with the Bertelsmann Defendants (the "Notice") by first-class mail, postage prepaid, to the approximately 8,000 "Top Publishers" on HFA's mailing list.[3]

14. The Notice will also be prominently posted on the Internet websites maintained by HFA (http://www.harryfox.com) and the National Music Publishers' Association (http://www.nmpa.org).

15. Findings Concerning Notice. The Court finds that the Notice and the manner of its dissemination described in Paragraphs 13-14 above is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise members of the Settlement Class of the pendency of this action and their right to object to the settlement or exclude themselves from the Settlement Class. The Court further determines that the nature and scope of the Notice and the manner of its dissemination described in Paragraphs 13-14 fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

16. Exclusion from the Class. Each member of the Settlement Class who wishes to exclude himself/herself/itself from the Class must sign and send, by first-class mail, an exclusion request to the Claims Administrator at the following address: In re Napster Copyright Litigation, c/o The Garden City Group, P.O. Box 9192, Dublin, Ohio 43017-4192, postmarked no later than **December 21, 2007**,[4] which date shall be at least 45 days after mailing of the Notice (the "Exclusion Request").

---

[3] The Notice shall be substantially in the form attached to this Order as Exhibit A. The parties, by agreement, may revise the Notice and other Exhibits to the Settlement Agreement in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

[4] All boldface dates in this Proposed Order and in the attached Proposed Notice are subject to approval of the Court.

17. The Exclusion Request must include a clear statement that the publisher is opting out of participation in the Settlement Class in *Leiber et al.* v. *Bertelsmann AG et al.*, No. C 04-1671 MHP, and is excluding itself from participation in any Settlement approved in this action. The Exclusion Request also must include the publisher's name (and former names, if any), current address and telephone number, and must be signed by someone authorized to act on such publisher's behalf.

18. All persons who properly make an Exclusion Request (1) shall not be members of the Settlement Class; (2) shall not receive any money, even if they otherwise would be entitled to some under the Settlement; (3) will not be bound by any further orders or judgments entered for or against the Settlement Class; (4) will have no right to object to the Settlement or be heard at any hearing scheduled for the Court's consideration of the Settlement; and (5) may present any claims they have against the Bertelsmann Parties by filing their own lawsuit at their own expense, or by seeking to intervene in this lawsuit as individual plaintiffs at their own expense.

19. The names of all such excluded persons or entities shall be attached as an exhibit to any final judgment.

20. Stay and Injunction of Potential Claims. Upon the Court's entry of this Order, all Releasing Parties, any Person actually or purportedly acting on behalf of any Releasing Party and, to the maximum extent the Releasing Parties have the legal or contractual right to bind them with respect to the following actions, their Related Parties and Composers,[5] shall be stayed and enjoined from: (i) bringing, instituting, asserting, continuing, pursuing, maintaining, joining in, prosecuting

---

[5] "Composer" means any composer, songwriter, publishing company owned or controlled by a composer, or any other Person acting on behalf of a composer or which has any right, title or interest in any work of a composer, or other Person who has entered into a Publishing Agreement with a Releasing Party. "Publishing Agreement" means a songwriter, publishing, co-publishing, sub-publishing, or administration contract, any other contract whereby a Releasing Party acquires an ownership interest in musical compositions and/or the right to administer or otherwise exploit musical compositions in any territory, and all other contracts whereby a Releasing Party has currently been or hereafter may be granted the right to bring, assert, pursue, maintain, finance, fund, assist, join in, settle, release or otherwise support a Potential Claim.

or enforcing any Potential Claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum, anywhere in the world, against any of the Bertelsmann Entities or any Related Parties thereto; or (ii) directly or indirectly (including through their counsel) financing, funding, encouraging, supporting, soliciting, assisting, or otherwise supporting any Potential Claim, whether such Potential Claim is brought by a Releasing Party, a Related Party, a Composer or any third Person (including another Releasing Party); in each case pending final settlement approval or termination of this Settlement Agreement, whichever occurs earlier. For avoidance of doubt, nothing herein shall prevent any Releasing Party, or any Person actually or purportedly acting on behalf of any Releasing Parties, from taking any actions to stay and/or dismiss any Potential Claims.

21. Jurisdiction. The Court reserves exclusive personal and subject matter jurisdiction with respect to the resolution of all matters relating to the implementation or enforcement of this Preliminary Approval Order. In the event that any of the provisions of the Preliminary Approval Order is asserted by any Bertelsmann Entity or Related Party thereto as a defense in whole or in part to any claim or otherwise asserted in any other suit, action or other proceeding brought by a Releasing Party or any Person actually or purportedly acting on behalf of any Releasing Party, or, to the maximum extent the Releasing Parties have the legal or contractual right to release such entities' Claims, their Related parties and Composers, that Bertelsmann Party thereto shall be entitled to an immediate stay and injunction of that suit, action or other proceeding until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible.

22. Application for Attorney's Fees and Expenses and Award to Representative Plaintiffs. On or before **January 7, 2008**, Class Counsel shall apply for approval by the Court of an award under the common fund doctrine of attorney's fees, expenses and costs (the "Fee and Expense Award"). Any request by Class Counsel for a service payment award by the Court to the Representative Plaintiffs shall also be made by that time. The Court will consider the issues of any Fee and Expense Award and/or any service payment award to the Representative Plaintiffs and/or

any administration costs, separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement and the settlement contemplated thereby.

23. Settlement Approval Hearing. The Court will hold a final approval hearing on **February 11, 2008**, at 2:00 p.m., in Courtroom 15 of the Honorable Marilyn Hall Patel, United States District Court, Northern District of California, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102 (the "Approval Hearing") to consider whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Class. The Court will also consider Class Counsel's application for a Fee and Expense Award at the Approval Hearing. Without further notice to the Class, the Court may adjourn or continue the Approval Hearing and approve changes to the Settlement or the proposed class action judgment. After the Approval Hearing, the Court may enter a class action judgment in accordance with the Settlement that will adjudicate the rights of the Class with respect to the claims being settled.

24. Objections and Appearances.

(a) Written Objections. Any member of the Class who has not timely submitted an Exclusion Request and, thus, is a member of the Class, may submit written objections to the fairness, reasonableness or adequacy of the Settlement ("Objections"). Class members may do so either on their own or through counsel hired at their own expense. Any Class member who wishes to object to the Settlement must send, by first-class mail, his/her/its Objections in writing to the Office of the Clerk of the Court, United States District Court Courthouse, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102, with a copy by first-class mail to Class Counsel at Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York, 10019-6064, Attn: Carey R. Ramos, Esq.; and to Weil Gotshal & Manges, 767 Fifth Avenue, New York, NY 10153, Attn: R. Bruce Rich, Esq. (attorneys for Bertelsmann). Objections must be postmarked no later than **January 11, 2008**, which date shall be at least 30 days before the Approval Hearing, and must mention *Leiber et al.* v. *Bertelsmann AG et al.*, Case No. C 04-1671 MHP. If any member of the Class does not comply with these procedures, they will not be entitled

to contest the approval of the Settlement, or to appeal from any orders or judgments of the Court. Objections that are not timely made shall be forever barred.

(b) Appearances. Any member of the Class who timely files and serves Objections pursuant to Paragraph 24(a) above also may appear at the Approval Hearing, either in person or through counsel hired at their own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. Members of the Class or their counsel intending to appear at the Approval Hearing must send, by first-class mail, to the counsel listed in Paragraph 24(a) above and to the Court, a notice of intention to appear, setting forth (1) the name and address of the Class member (and, if applicable, the name, address, and telephone number of the Class member's attorney), and (2) the objection, including any papers in support thereof ("Intention to Appear"). Any Intention to Appear must be postmarked **January 11, 2008**, which date shall be at least 30 days before the Approval Hearing. If a member of the Class does not comply with these procedures, he/she/it will not be entitled to be heard at the Approval Hearing. If the Court approves the Settlement, the approval will bind all members of the Class, except those who exclude themselves pursuant to the procedure in Paragraphs 16-18 above.

25. Responses to Objections and Further Papers in Support of Settlement. Any responses to Objections to the Settlement shall be filed with the Court on or before **January 25, 2008**.

26. Discretion of Counsel. Class Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including, without further approval of the Court, making minor changes to the content of the Notice that they deem reasonable or necessary.

27. Dates of Performance. In summary, the dates of performance are as follows:

(a) The Notice shall be mailed to the Certified Class **within thirty (30) days** of the entry of this Order;

(b) Any Exclusion Request must be sent by first-class mail postmarked no later than **December 21, 2007**;

(c) Any Objections must be sent by first-class mail postmarked no later than **January 11, 2008**;

(d) Any Intention to Appear must be sent by first-class mail postmarked no later than **January 11, 2008**;

(e) Any responses to Objections shall be filed with the Court on or before **January 25, 2008**;

(f) Any request by Class Counsel for Attorney's Fees and Expenses or service payment awards to Representative Plaintiffs shall be filed with the Court on or before **January 7, 2008**; and

(g) The Approval Hearing shall be held on **February 11, 2008**, at 2:00 p.m.

Dated: October 1, 2007

The Honorable Marilyn H. Patel
United States District Court Judge

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
CAREY R. RAMOS
LYNN B. BAYARD
DARREN W. JOHNSON

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
STAN G. ROMAN
TRACY M. CLEMENTS

By: /s/ Carey R. Ramos
Carey R. Ramos

Attorneys for Plaintiffs LEIBER, et al.