CAREY R. RAMOS (*pro hac vice*)
LYNN B. BAYARD (*pro hac vice*)
DARREN W. JOHNSON (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3900

STAN G. ROMAN (State Bar No. 87652)
TRACY M. CLEMENTS (State Bar No.184150)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3898
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

*Attorneys for Leiber et al.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NAPSTER, INC. COPYRIGHT LITIGATION | No. C-MDL-00-1369 MHP |
| LEIBER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BERTELSMANN AG, et al., <br><br> Defendants. | No. C 04-1671 MHP <br><br> [PROPOSED] **FINAL CLASS ACTION JUDGMENT AND ORDER OF DISMISSAL** |

This Court having considered the settlement between plaintiffs in Case No. C-MDL-00-1369 (MHP) and Case No. C-04-1671 (MHP), Jerry Leiber, individually and doing business as Jerry Leiber Music, Mike Stoller, individually and doing business as Mike Stoller Music, Frank Music Corporation, and Peer International Corporation (collectively, "Leiber Plaintiffs" or "Representative Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), and defendants Bertelsmann AG, Bertelsmann, Inc., and Bertelsmann Direct North America, Inc., a Delaware corporation and successor in interest of BeMusic, Inc. (collectively, the "Bertelsmann Parties" or "Defendants") as set forth in a Stipulation and Agreement of Settlement dated August 30, 2007 (the "Settlement" or "Settlement Agreement"); having held a fairness hearing after notice to class members; having considered all of the submissions and arguments with respect thereto; and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. For purposes of this Order, "Releasing Parties" means the Representative Plaintiffs, Class members that did not opt out of the Class, and, to the maximum extent the Releasing Parties have the legal or contractual right to release such entities' Potential Claims,[1] their Affiliates and

---

[1] "Potential Claims" means any and all Claims against any Person that is (or was during the period of Napster's operation) a Bertelsmann Entity or any Related Party thereto from, relating to, based upon, or in connection with the relationship or interaction with and/or funding or financing of Napster (including by way of a loan) by any such Bertelsmann Entity or Related Party, including (i) any and all Claims brought or which could be brought in the Lawsuit and (ii) any and all Claims alleging that any such Bertelsmann Entity or Related Party is liable under one or more theories of copyright infringement or other theory of liability by virtue of such relationship with or funding of Napster. "Claims" means any and all of the following arising under the laws of the United States or any foreign jurisdiction: claims, demands, causes of action, liabilities, lawsuits, arbitrations, proceedings, third-party interventions, or any other form of claim, whether or not fixed, contingent or absolute, matured or unmatured, direct or indirect, liquidated or unliquidated, accrued or unaccrued, known or unknown, whether or not required to be reflected in financial statements or disclosed in the notes thereto. "Person" means any individual or corporation, association, partnership, limited liability company, joint venture, joint stock or other company, business trust, trust, organization, governmental authority or other entity of any kind.

Subsidiaries, which are defined to mean any worldwide affiliate or subsidiary for which the Class member or its officers and directors have the authority to bind to the terms of the Settlement Agreement. "Bertelsmann Entities" means the Bertelsmann Parties and their Affiliates anywhere in the world. "Related Parties" means, with respect to any Person, present, former and future, as applicable, predecessors, successors, assigns, agents, insurers, representatives, directors, officers and employees (in their capacities as such) of such Person.

2. The Court, in its Preliminary Class Action Settlement Approval Order, dated October 1, 2007, certified a settlement class consisting of all music publisher-principals of The Harry Fox Agency ("HFA") during all or part of the time period from October 30, 2000 through October 1, 2007 (other than those Persons that had, prior to the signature date of the Settlement Agreement, released their Potential Claims against the Bertelsmann Entities and their Related Parties) (the "Settlement Class" or "Class"). Dkt. 1304

3. The Court has certified the Representative Plaintiffs as representatives of the certified Settlement Class and their counsel of record, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Krieg, Keller, Sloan, Reilley & Roman LLP, as counsel for the Settlement Class (collectively, "Class Counsel").

4. The Court has jurisdiction over the certified Settlement Class and the Bertelsmann Parties and the Court has subject matter jurisdiction to approve the Settlement. The Bertelsmann Parties have acknowledged that each of them has been properly and validly served with the summons and Amended Complaint in this action, or has otherwise waived such service.

5. The record shows that notice has been given to the certified Settlement Class in the manner approved by the Court in its Preliminary Class Action Settlement Approval Order, filed on October 1, 2007. Dkt. 1304 The Court finds that such notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated to apprise the members of the certified Settlement Class of the pendency of this action, the terms of the Settlement, and their right to object to or exclude themselves from the Settlement; (iii) constituted

sufficient notice to all persons entitled to receive notice; and (iv) met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

6. The Court finds extensive arm's-length negotiations have taken place in good faith among experienced counsel, following extensive discovery, motion practice and other proceedings, resulting in the Settlement.

7. The Court finally approves the Settlement in all respects. The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the certified Settlement Class. Plaintiffs and the Bertelsmann Defendants are hereby directed to implement the Settlement according to its terms and conditions.

8. The Court finds that the plan of administration and distribution contemplated by the Settlement Agreement fairly and adequately addresses the issues of settlement administration, claims submission, and allocation of monetary payments among all Class members.

9. No persons or entities, other than those listed on Exhibit A to this Order, have excluded themselves from the certified Settlement Class. Upon entry of this Class Action Judgment, the Settlement is binding on the certified Settlement Class except for those persons or entities listed on Exhibit A. This Class Action Judgment shall have no force or effect on the persons or entities listed on Exhibit A.

10. The Amended Complaint is hereby dismissed with prejudice, and (except as provided for in the Settlement Agreement) without costs, in favor of all Bertelsmann Parties and against the Releasing Parties.

11. Upon Final Settlement Approval, the Releasing Parties hereby irrevocably and unconditionally agree that the statute of limitations is deemed to have expired forever on any and all of their Potential Claims against any Bertelsmann Entity or any of its Related Parties. Each of the Releasing Parties unconditionally, fully and finally releases and forever discharges each of the Bertelsmann Entities and the Related Parties thereto from the Potential Claims. Any rights that the

Releasing Parties were afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws are hereby terminated.

12. The Releasing Parties, any Person actually or purportedly acting on behalf of any Releasing Parties and, to the maximum extent the Releasing Parties have the legal or contractual right to bind them with respect to the following actions, their Related Parties and "Composers,"[2] shall be permanently enjoined and restrained from:

(a) bringing, instituting, asserting, continuing, pursuing, maintaining, joining in, prosecuting or enforcing any Potential Claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum, anywhere in the world, against any of the Bertelsmann Entities or Related Parties thereto; or

(b) directly or indirectly (including through their counsel) financing, funding, encouraging, supporting, soliciting, assisting, or otherwise supporting any Potential Claim, whether such Potential Claim is brought by a Releasing Party, a Related Party thereto, a Composer or any third Person (including another Releasing Party).

13. Each of the Bertelsmann Entities, on behalf of themselves and, to the maximum extent they have the legal or contractual authority to bind them, their Related Parties, hereby:

(a) fully and finally discharges, acquits and releases each of the Representative Plaintiffs, Class Counsel, Releasing Parties, HFA and the National Music Publishers' Association Inc. ("NMPA") (including their respective directors, officers and employees), and experts, from all

---

[2] "Composer" means any composer, songwriter, publishing company owned or controlled by a composer, or any other Person acting on behalf of a composer or which has any right, title or interest in any work of a composer, or other Person who has entered into a Publishing Agreement with a Releasing Party. "Publishing Agreement" means a songwriter, publishing, co-publishing, sub-publishing, or administration contract, any other contract whereby a Releasing Party acquires an ownership interest in musical compositions and/or the right to administer or otherwise exploit musical compositions in any territory, and all other contracts whereby a Releasing Party has currently been or hereafter may be granted the right to bring, assert, pursue, maintain, finance, fund, assist, join in, settle, release or otherwise support a Potential Claim.

Claims made, claimed, arising or accruing any time prior to or as of the date of Final Settlement Approval against the Releasing Parties, Class Counsel, HFA and NMPA, and experts, together with all Related Parties thereof, arising from, relating to, based upon, or in connection with (i) the bringing of this lawsuit, (ii) the claims asserted herein, and (iii) any claims that could have been asserted herein; and

(b) covenants and agrees not to, directly or indirectly (including through their counsel), bring, institute, assert, continue, pursue, maintain, prosecute, enforce, support, finance, fund, encourage, solicit, assist with, or join in any such released Claim, in any judicial, administrative, arbitral, or other forum anywhere in the world, whether such Claim is brought by a Bertelsmann Entity, Related Party, or any third party.

14. This Court shall maintain exclusive personal and subject matter jurisdiction over this action for the purpose of resolving all matters relating to the implementation or enforcement of this Final Class Action Judgment and Order of Dismissal and the Settlement Agreement including, but not limited to, any disputes relating to or arising out of the matters subject to Paragraphs 11-13 of this Order or any payment (or non-payment) from the Settlement Fund.

15. In the event that any of the provisions of this Final Class Action Judgment and Order of Dismissal or the Settlement Agreement is asserted by any Bertelsmann Entity or any of its Related Parties as a defense in whole or in part to any claim asserted in any other suit, action or other proceeding brought by a Releasing Party or anyone actually or purportedly acting on behalf of any Releasing Party, that Bertelsmann Entity or Related Party shall be entitled to an immediate stay and injunction of that suit, action or other proceeding until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible.

Dated: February 12, 2008

_____
The Honorable
United States

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

# Exhibit A

R E C E I V E D
NOV - 7 2007


THE GARDEN CITY GROUP, INC.

In re Napster, Inc. Copyright Litigation
c/o The Garden City Group, Inc.
P.O. Box 9192
Dublin, Ohio, 43017-4192

To whom it may concern:

I am the publisher registered as the company Jackie Cohen Publishing and I was a member of the Harry Fox Agency. My former name is Jacqueline Rhonda Cohen and my new name is Jacqueline Rhonda Cohen-Baity. My address is 76 Windsor Place, Brooklyn, New York, 11215 and my phone number is 718-768-2895.

I request to be excluded from the Class in the action Leiber et al. v. Bertelsmann AG et al., No. C 04-1671 MHP. I affirm under penalty of perjury that I have listed my full name, current address and telephone number.

Sincerely,

*Jacqueline Rhonda Cohen-Baity*
Jacqueline Rhonda Cohen-Baity

November 10, 2007

RE: Exclusion Request

My name is Rachael Liebert, I am the Granddaughter of Billy Liebert, OPAL MUSIC CO ,INC Billy Liebert passed away in April of 2001 and there is no one to act on his behalf. At this time I am requesting that he be excluded from the Class C Lawsuit.

"On behalf of OPAL MUSIC CO Billy Liebert., INC I Rachael Liebert requests that OPAL MUSIC CO , INC Billy Liebert be excluded from the Class in the action Leiber et al v Bertelsmann AG et al., No. C 04-1671 MHP. I affirm under penalty of perjury that I have listed OPAL MUSIC CO , INC. Billy Liebert. No address or phone number can be provided for Bill Liebert as he passed away in April of 2001"

Sincerely,

*Rachael Liebert*

RACHAEL LIEBERT
Granddaughter to Billy Liebert
760-464-4151

RECEIVED
NOV 1 3 2007

THE GARDEN CITY GROUP, INC.


DEC - 3 2007

THE GARDEN CITY GROUP, INC.

**Wild Apache I Publishing**
William Maragh
1388 Forest Avenue
Baldwin, NY 11510
**516-623-4964**

November 29, 2007

In re Napster, Inc. Copyright Litigation
C/o The Garden City Group, Inc.
PO Box 9192
Dublin, OH 43017-4192

To Whom It May Concern:

On behalf of Wild Apache I Publishing, I request that Wild Apache I Publishing be excluded from the Class in the action *Leiber et al. v. Bertelsmann AG et al.*, No. C 04-1671 MHP. I affirm under penalty of perjury that I have listed my full name, current address and telephone number as Wild Apache I Publishing care of William Maragh residing at 1388 Forest Avenue, Baldwin, NY 11510. My telephone number is 516-623-4964.

My reason for opting out of settlement is because my interests are better served being independently represented.

Sincerely,

William Maragh
Willam Maragh
President

In re. Napster, Inc Copyright Litigation
C/o The Garden City Group, Inc.
P O Box 9192
Dublin, Ohio

**RECEIVED DEC 17 2007**

**THE GARDEN CITY GROUP, INC.**

### Exclusion Request

On behalf of Memphis Minnie Music Company, whose address is, 2070 Kings Cross Lane, Memphis, TN 38016. Our phone number is (901) 755-2968 As an officer of the Corporation I request that Memphis Minnie Music Company be excluded from the Class in the action, Leiber et al. V Bertelsmann AG et al, No C 04-1671 MHP

I affirm under penalty of perjury that I have listed Memphis Minnie Music Company's full name, current address and telephone number.

### Explanation

Due to Harry Fox basing distribution of the settlement funds on 2001 & 2002 earnings received from them for Mechanical Royalties, we would not receive our fair share. Even with supplemental sources of Mechanical Royalties counted, based on their distribution plan, we would not receive our fair share.

This is in part due to the systematic denial of royalty payments to musicians and song writers from the 1930's, '40's, '50's and even today Harry Fox can not best represent us in this matter. We will seek other counsel

*[signature: Leotha Wilson]*
Leotha Wilson, President
Memphis Minnie Music Company

*[signature: Donald E. D. Anderson]*
agent

# KING & BALLOW
## LAW OFFICES
1100 UNION STREET PLAZA
315 UNION STREET
NASHVILLE, TENNESSEE 37201

TELEPHONE 615/259-3456
FACSIMILE 615/884-7907

www.kingballow.com

Direct Dial: (615) 726-5422
Direct Facsimile: (615) 726-5417
Email: rbusch@kingballow.com

RECEIVED DEC 20 2007
THE GARDEN CITY GROUP, INC.

December 18, 2007

*Via First Class Mail*

In re Napster Copyright Litigation
c/o The Garden City Group, Inc.
P O. Box 9192
Dublin, Ohio 43017-4192
Attention. Claims Administrator

Re: Exclusion Request of Bridgeport Music, Inc., Southfield Music Inc. and Westbound Records, Inc.
Case No. C04-1671 MHP

Dear Sir or Madam:

On behalf of Bridgeport Music, Inc., Southfield Music, Inc. and Westbound Records, Inc., I hereby request that Bridgeport Music, Inc., Southfield Music Inc. and Westbound Records, Inc. be excluded from the Class in the action *Leiber et al. v. Bertelsmann AG et al*, Case No. C04-1671 MHP.

I affirm, under penalty of perjury, that I have listed Bridgeport Music, Inc., Southfield Music Inc. and Westbound Records, Inc.'s full name, current address and telephone number below.

Bridgeport Music Inc.
18500 West 10 Mile Road
Southfield, MI 48075
(248) 569-4033

Southfield Music, Inc.
18500 West 10 Mile Road
Southfield, MI 48075
(248) 569-4033

Westbound Records, Inc.
18500 West Ten Mile Road
Southfield, Michigan 48075
(248) 569-4033

This request is made pursuant to a prior settlement agreement dated January 19, 2005 between the aforementioned publisher-principals and Bertelsmann AG, on its own behalf and on behalf of Bertelsmann, Inc. and BeMusic, Inc.

Feel free to contact me should you have any questions.

Sincerely,

Richard S. Busch, Esq.